1

2

3

4

5

6

7

8                         UNITED STATES DISTRICT COURT
                          WESTERN DISTRICT OF WASHINGTON
9                                    AT SEATTLE

10   DAVID E. THOMAS,                          CASE NO. C10-943 MJP

11                    Plaintiff,               ORDER ON DEFENDANT'S
                                               MOTION FOR SUMMARY
12          v.                                 JUDGMENT AND PLAINTIFF'S
                                               MOTION FOR PARTIAL
13   ALLSTATE INDEMNITY COMPANY,               SUMMARY JUDGMENT

14                    Defendant.

15

16          This matter comes before the Court on Defendant's motion for summary judgment (Dkt.

17   No. 31), and Plaintiff's cross-motion for partial summary judgment (Dkt. No. 38).  Having

18   reviewed the motions, the responses (Dkt. Nos. 38, 46), Plaintiff's reply (Dkt. No. 50), and all

19   relevant papers, the Court GRANTS Defendant's motion and DENIES Plaintiff's partial motion.

20                                        **Background**

21          On March 18, 2010, David Thomas filed a complaint against his insurer, Allstate

22   Indemnity Company ("Allstate") in Spokane County Superior Court, seeking damages related to

23   what he claims is Allstate's failure to handle properly his claim for insurance coverage.  (Dkt.

24

ORDER ON DEFENDANT'S MOTION FOR
SUMMARY JUDGMENT AND PLAINTIFF'S
MOTION FOR PARTIAL SUMMARY
JUDGMENT- 1

No. 1-4 (Complaint).)  Plaintiff's apartment was allegedly burglarized in July of 2009 and he lost

various belongings.  (Complaint ¶¶ 3.1-3.3.)  As alleged, the burglary was reported and the

perpetrators confessed to stealing Plaintiff's belongings.  (Id. ¶¶ 3.4-3.6.)   At the time of the

theft, Plaintiff asserts he was insured under a renter's insurance policy issued by Allstate, and he

submitted a claim to Allstate with a proof of loss and an inventory of stolen items.  (Id. ¶¶ 3.7.)

Allstate took Plaintiff's examination under oath and allegedly "has refused to confirm coverage

for the loss or submit payment."  (Id. ¶ 3.9.)  Plaintiff pursues the following claims: (1) breach of

contract, (2) bad faith, (3) violation of Washington's Insurance Fair Conduct Act, RCW 48.30,

(4) violation of Washington's Consumer Protection Act ("CPA"), RCW 19.86, and (5)

intentional disclosure of non-public information.  He seeks compensatory and treble damages, as

well as attorneys' fees.

Allstate removed the case to the United States District Court for the Eastern District of

Washington, and the case was transferred to this Court on June 6, 2010.  (Dkt. Nos. 1, 21.)

Allstate filed a motion for summary judgment in which it seeks a ruling that it has not denied

coverage to Plaintiff.  (Dkt. No. 31.)  In addition to filing a response, Plaintiff filed what he

labeled a cross motion for summary judgment seeking a judgment as to the CPA claim.  (Dkt.

No. 38.)  Allstate argues the cross motion was improperly filed and an inadequate basis on which

to grant summary judgment.  (Dkt. No. 46.)  Plaintiff also request the Court strike a police report

filed by Allstate as part of its motion.

**Analysis**

A.    Standard

Summary judgment is proper if the pleadings, depositions, answers to interrogatories,

admissions on file, and affidavits show that there are no genuine issues of material fact for trial

1    and that the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c).

2    Material facts are those "that might affect the outcome of the suit under the governing law."

3    Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  The underlying facts are viewed in

4    the light most favorable to the party opposing the motion.  Matsushita Elec. Indus. Co. v. Zenith

5    Radio Corp., 475 U.S. 574, 587 (1986).  The party moving for summary judgment has the burden

6    to show initially the absence of a genuine issue concerning any material fact.  Adickes v. S.H.

7    Kress & Co., 398 U.S. 144, 159 (1970).  Once the moving party has met its initial burden, the

8    burden shifts to the nonmoving party to establish the existence of an issue of fact regarding an

9    element essential to that party's case, and on which that party will bear the burden of proof at

10    trial.  Celotex Corp. v. Catrett, 477 U.S. 317, 323-24 (1986).

11    B.      Denial of Coverage

12         Allstate argues that because it has not denied coverage to Plaintiff, Plaintiff is not entitled

13    to attorneys' fees under Olympic S.S. Co., Inc. v. Centennial Ins. Co., 117 Wn.2d 37 (1991).

14    The Court agrees.

15         Under Washington law, an insured is entitled to attorneys' fees if the insurer is deemed to

16    have wrongfully denied coverage.  Olympic S.S., 117 Wn.2d at 52-53 (extending "the right of an

17    insured to recoup attorney fees that it incurs because an insurer refuses to defend or pay the

18    justified action or claim of the insured").  Where the insurer does not deny coverage, but disputes

19    the proper value of the claim, attorneys' fees are not warranted under Olympic S.S.  See Dayton

20    v. Farmers Ins. Co., 124 Wn.2d 277, 280 (1994) (holding that where the insurer did not dispute

21    coverage, but did dispute the amount owed on a policy, the plaintiff was not entitled to attorneys'

22    fees under Olympic S.S.).

23

24

ORDER ON DEFENDANT'S MOTION FOR
SUMMARY JUDGMENT AND PLAINTIFF'S
MOTION FOR PARTIAL SUMMARY
JUDGMENT- 3

1    Allstate has submitted evidence that is has not denied coverage.  (Dkt. No. 32-1.)  In a

2    letter to Plaintiff's attorney dated June 10, 2010, Allstate stated that it "has determined that there

3    is coverage for your client's above referenced loss" from July 25, 2009.  (Id.)  Plaintiff admits

4    that Allstate has not expressly denied coverage.  He argues instead that Allstate has

5    constructively denied coverage by virtue of its "unconscionable delay" that acts as a denial of a

6    claim, and entitles Plaintiff to Olympic S.S. fees.  (Dkt. No. 38 at 4-6.)  Plaintiff relies on Truck

7    Ins. Exch. v. VanPort Homes, Inc., 147 Wn.2d 751 (2002), for the proposition that "any

8    unconscionable delay by an insurer in responding to its insured's claim is a basis for awarding

9    attorney fees."  (Dkt. No. 38 at 5.)  VanPort contains no such holding.  To the contrary, the

10   insurer in VanPort expressly denied coverage, making the case inapposite.  Plaintiff has failed to

11   support his position with any relevant law.  As Plaintiff admits, "Allstate acknowledged

12   coverage of plaintiff's claims."  (Dkt. No. 38 at 3.)  Allstate has demonstrated that it has not

13   denied coverage.  Plaintiff cannot obtain attorneys' fees under Olympic S.S.  See Dayton, 124

14   Wn.2d at 280.  The Court therefore GRANTS Allstate's motion for summary judgment.

15   C.    Plaintiff's CPA claim

16        Plaintiff seeks partial summary judgment on the question of whether Allstate has violated

17   WAC 284-30-330, which it claims is a per se violation of the CPA.  (Dkt. No. 38 at 6-7.)

18   Allstate argues Plaintiff failed to note the cross-motion properly and that it is not in the proper

19   form.  While Allstate is correct as to the noting date and caption, the Court considers the merits

20   of Plaintiff's argument.  Allstate has fully responded and Plaintiff failed to file a reply brief.[1]

21

22

23        [1] The Court advises Plaintiff to follow closely the Local Rules with regard to noting

24   motions and captioning them properly.

ORDER ON DEFENDANT'S MOTION FOR
SUMMARY JUDGMENT AND PLAINTIFF'S
MOTION FOR PARTIAL SUMMARY
JUDGMENT- 4

1    In order to prevail on a CPA claim, Plaintiff must satisfy five elements: (1) defendant

2  engaged in an unfair or deceptive act, (2) in trade or commerce, (3) affecting the public interest,

3  (4) that injured Plaintiff's business or property, and (5) plaintiff must show proximate causation.

4  Hangman Ridge Training Stables v. Safeco Title Ins. Co., 105 Wn.2d 778 (1986).  "A per se

5  unfair trade practice exists when a statute which has been declared by the Legislature to

6  constitute an unfair or deceptive act in trade or commerce has been violated." Id. at 786.  RCW

7  48.01.030 requires insurers to act in good faith in dealing with their insureds.  "[A] first party

8  insured may bring an action for violation of the CPA based upon a violation of RCW

9  48.30.010(1) resulting from a single violation of WAC 284-30-330."  Industrial Indem. Co. of

10  the N.W., Inc. v. Kallevig, 114 Wn.2d 907, 922 (1990).

11    Plaintiff argues he is entitled to summary judgment on his CPA claim because Allstate

12  violated WAC 284-30-330(16), which requires an insurer to adopt and implement reasonable

13  standards for the processing and payment of claims once the obligation to pay has been

14  established.  (Dkt. No. 38 at 6-7.)  Plaintiff's claim is not amenable to summary judgment.

15  While Plaintiff has shown that Allstate has not paid his claim, there are disputed facts as to the

16  reasons for the delay and whether there are or are not reasonable standards within Allstate for

17  processing and paying on claims.  On this record, the Court cannot grant summary judgment.

18  The Court DENIES the cross motion

19  D.    Motion to Strike

20    Plaintiff asks the Court to strike a police report filed by Allstate that is purportedly not

21  authenticated or certified.  (Dkt. No. 38 at 4.)  The Court has not considered this document in

22  reaching its decision.  Plaintiff's motion to strike is DENIED as MOOT.

23

24
ORDER ON DEFENDANT'S MOTION FOR
SUMMARY JUDGMENT AND PLAINTIFF'S
MOTION FOR PARTIAL SUMMARY
JUDGMENT- 5

1    Allstate argues that the motion to strike is sanctionable in light of the fact that Plaintiff

2    seeks to strike a police report at the same time it filed portions of the same report in support of

3    his own partial motion for summary judgment.  It is unclear why Plaintiff takes such a

4    contradictory position.  While this shows a lack of diligence, the Court DENIES the request for

5    sanctions.

6                                                    **Conclusion**

7        The Court GRANTS Allstate's request for summary judgment.  Plaintiff has not shown

8    he was wrongfully denied coverage and he may not obtain attorney's fees under Olympic S.S.

9    The Court DENIES Plaintiff's motion for partial summary judgment on his CPA claim.

10   Disputed facts remain on this issue.  The Court also DENIES Plaintiff's motion to strike and

11   Allstate's request for sanctions.

12       The clerk is ordered to provide copies of this order to all counsel.

13       Dated this 12th day of October, 2010.

14

15

16                                          _____
                                             Marsha J. Pechman

17                                           United States District Judge

18

19

20

21

22

23

24

ORDER ON DEFENDANT'S MOTION FOR
SUMMARY JUDGMENT AND PLAINTIFF'S
MOTION FOR PARTIAL SUMMARY
JUDGMENT- 6